FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 JUL 19 PM 3: 44

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| BEVERLY JOYCE WATKINS, | X | |
| Plaintiff, | X | |
| vs. | X | No. 05-2007-M1/P |
| SHELBY COUNTY HEALTH CARE CORPORATION d/b/a THE REGIONAL MEDICAL CENTER, et al., | X | |
| Defendants. | X | |

---

ORDER DENYING DEFENDANTS' MOTION TO CONSOLIDATE
ORDER GRANTING PLAINTIFF'S MOTIONS TO AMEND FILED ON
JANUARY 14, 2005 AND JANUARY 18, 2005
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

---

On December 7, 2004, Plaintiff Beverly Joyce Watkins filed a pro se complaint in Shelby County Circuit Court against Shelby County Health Care Corporation d/b/a The Regional Medical Center ("The Med"), Kathleen Gammage, Catresa Jackson, Rhonda Nelson, and Brenita Crawford. The Defendants filed a notice of removal pursuant to 28 U.S.C. §§ 1441(a) and 1446, requesting this Court to exercise jurisdiction over plaintiff's claims of retaliation for filing a Charge of Discrimination with the Equal Employment

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  7-20-05

(7)

Opportunity Commission ("EEOC") and denial of "equal protection, due process, and procedural due process of the law."

On January 6, 2005, Defendants filed a motion to consolidate this action with another case filed by the Plaintiff in this district court on November 15, 2004 and docketed as <u>Watkins v. Shelby County Health Care Corp. d/b/a The Regional Medical Center at Memphis</u>, No. 04-2920-B/V (W.D. Tenn. Mar. 3, 2005). As that case was dismissed, the motion to consolidate is DENIED.

On January 14 and 18, 2005, plaintiff filed motions requesting the Court to rule on motions to amend that were filed in the Shelby County Circuit Court on December 14 and December 27, 2004, prior to the removal of her complaint to the district court. The motion filed on December 14, 2004, seeks to amend the complaint by supplementing the facts supporting plaintiff's claims against defendant Crawford. The motion to amend filed December 27, 2004, contains allegations of retaliatory actions taken by defendants Gammage, Jackson, and Nelson on and after November 15, 2004. Technically, the motions were filed in this case before any responsive pleading was filed. Pursuant to Fed. R. Civ. P. 15(a), these motions are GRANTED.

Defendants filed an answer to the complaint on January 21, 2005.

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action—

(i)   is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Certain aspects of plaintiff's complaint are subject to dismissal.

Watkins filed a complaint against these defendants on November 15, 2004. See Watkins v. Shelby County Health Care Corp. d/b/a The Regional Medical Center at Memphis, No. 04-2920-B/V (W.D. Tenn. Mar. 3, 2005). The allegations arising from a disciplinary action taken against the plaintiff in that case are identical to the allegations in the instant case. United States District Judge J. Daniel Breen determined that plaintiff failed to allege or establish that she was disciplined because of her race, color, sex, religion, or national origin or retaliated against because she opposed an unlawful employment practice. Judge Breen further determined that Title VII does not provide a cause of action against co-workers or supervisors under Wathen v. General Electric Co., 115 F.3d 400, 405 (6th Cir. 1997). Judge Breen also determined that plaintiff failed to state any viable claims under the Fourteenth Amendment right to due process and equal protection.

Plaintiff's reference to "ignored charges" in case no. 01-2777-Ml/V is construed as an attempt to relitigate issues previously determined and dismissed. Those claims are all fully within the scope her previous case and are barred by both the claim and issue preclusion branches of the res judicata doctrine. See C. Wright, Law of Federal Courts, § 100A at 680, 682 (1983). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that **were** or **could have been raised** in that action." Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)(emphasis added).

To apply the doctrine of res judicata, three elements must be present: (1) judgment on the merits in an earlier action; (2) identity of the parties or their privies in the two suits; and (3) identity of the cause of action or claims between both suits. Blonder-Tongue Laboratories v. Univ. of Ill. Foundation, 402 U.S. 313, 323-24 (1971); Brzostowski v. Laidlaw Waste Sys., Inc., 49 F.3d 337, 338 (7th Cir. 1995); Wade v. Hopper, 993 F.2d 1246, 1252 (7th Cir. 1993). These factors exist in this case. The individual defendants in this action were named and dismissed in the previous federal court litigation by order entered March 2, 2005.

> Where a plaintiff has sued parties in serial litigation over the same transaction; where plaintiff chose the original forum and had the opportunity to raise all its claims relating to the disputed transaction in the first action; where there was a "special relationship" between the defendants in each action, if not complete identity of parties; and where although the prior action was concluded, the plaintiff's later suit continued to seek

4

essentially similar relief--the courts have denied the plaintiff a second bite at the apple.

<u>Lubrizol Corp. v. Exxon Corp.</u>, 871 F.2d 1279, 1288 (5th Cir. 1989). <u>See also</u> <u>The Restatement (Second) Judgments</u> § 51 (1982).

Plaintiff has raised additional claims[1] that defendants Gammage, Jackson and Nelson suspended her on November 15, 2004, as a result of an incident which occurred on October 22, 2004. She alleges that these defendants began taking adverse personnel actions against her immediately after she filed her charge of discrimination on November 10, 2004.[2] Plaintiff does not allege that she filed a charge of discrimination for any action of the defendants taken as a result of the incident on October 22, 2004, or for any action of the defendants taken after November 10, 2004, the date she filed her charge of discrimination for the disciplinary actions of June 17, 2004 and October 6, 2004. Plaintiff has not attached any charge of discrimination or notice of right to sue for any event occurring after October 6, 2004.

Exhaustion of administrative remedies is a prerequisite to the filing of an employment discrimination case. <u>See generally</u> <u>Zipes v. Trans World Airlines</u>, 455 U.S. 385, 393 (1982); <u>Parsons v.

---

[1] These claims are found in the motion to amend, filed in Shelby County Circuit Court on December 27, 2004.

[2] In the charge of discrimination plaintiff alleged that on June 17, 2004, she was issued a final written warning which resulted in a demotion and 5% cut in pay. Plaintiff also alleged that she filed a grievance and at a hearing held on October 6, 2004, the final written warning was reduced to a second reprimand, however, the demotion and pay cut remained in effect. Plaintiff received her notice of right to sue on November 12, 2004.

5

Yellow Freight Systems, Inc., 741 F.2d 871 (6th Cir. 1984). Plaintiff has clearly not exhausted her administrative remedies on her claims that the defendants retaliated against her after she filed her charge of discrimination on November 10, 2004. As those claims are unexhausted, those claims are DISMISSED without prejudice so that plaintiff may exhaust her administrative remedies.

Plaintiff's original and amended complaints present only claims which are either premature and unexhausted or which are clearly prohibited by res judicata. Furthermore, under Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999), a district court should dismiss a paid complaint for want of subject matter jurisdiction if the claims are "frivolous, attenuated, or unsubstantial." See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974). Watkins' contentions are legally frivolous in this Court because they are either unexhausted or based on an "indisputably meritless legal theory" of seeking relief twice on the same claims or issues. Neitzke, 490 U.S. at 327. Plaintiff's claims are, therefore, inadequate to invoke this Court's subject matter jurisdiction. Accordingly, the complaint is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3). Hagans, 415 U.S. at 536-37; Apple, 183 F.3d at 479.

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith

6

Case 2:05-cv-02007-JPM-tmp   Document 7   Filed 07/19/05   Page 7 of 9   PageID 7

standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case as devoid of subject matter jurisdiction also compel the conclusion that an appeal would be devoid of subject matter jurisdiction and would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The Sixth Circuit Court of Appeals decisions in <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 612-13 (6th Cir. 1997); <u>Callihan v. Schneider</u>, 178 F.3d 800 (6th Cir. 1999), apply to any appeal filed by the plaintiff in this case. If plaintiff files a notice of appeal, she must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917,[3] or attempt to renew her request for leave to appeal <u>in forma pauperis</u> by filing "within thirty days after service of the district court's decision as prescribed by Fed. R. App. P. 24(a)(4), a motion with [the Sixth Circuit] for leave to proceed as a pauper on appeal." <u>Callihan</u>, 178 F.3d at 803. Under <u>Callihan</u>, if the appellant does not within this thirty-day period

---

[3] The fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

7

either file the required motion nor pay the filing fee, the appeal will be dismissed for want of prosecution. If the appeal is dismissed, it will not be reinstated once the fee is paid. <u>Id.</u> at 804.

IT IS SO ORDERED this \_\_18\_\_ day of July, 2005.

                                            /s/ Jon P. McCalla
                                            JON PHIPPS MCCALLA
                                            UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:05-CV-02007 was distributed by fax, mail, or direct printing on July 20, 2005 to the parties listed.

---

David P. Jaqua
BUTLER SNOW O'MARA STEVENS & CANADA, PLLC
6075 Poplar Ave.
Ste. 500
Memphis, TN 38119

Jimmy Moore
CIRCUIT COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 224
Memphis, TN 38103

Beverly J. Watkins
3550 Merritt Street
Memphis, TN 38128

Honorable Jon McCalla
US DISTRICT COURT